

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
(973) 645-6340

**WILLIAM J. MARTINI**
    **JUDGE**

## LETTER OPINION

January 9, 2009

Kathleen Beety-Monticelli
20 Augusta Street
Elmwood Park, NJ 07407
(*Plaintiff* pro se)

Kimberly L. Schiro
Office of the General Counsel
Social Security Administration
26 Federal Plaza
Room 3904
New York, NY 10278

Ellen E. Sovern
Office of the United States Attorney
26 Federal Plaza
Room 3904
New York, NY 10278
(*Attorneys for Defendant Commissioner of Social Security*)

    Re:    <u>Beety-Monticello v. Commissioner of Social Security
           Civil Action No. 2:06-CV-05926 (WJM)</u>

Dear Litigants:

    Plaintiff Kathleen Beety-Monticelli brings a motion for reconsideration of this Court's December 2, 2008 Letter Opinion and Order denying Plaintiff's request to reverse a final determination by the Commissioner of Social Security. Plaintiff asks the Court to reexamine the additional information submitted to the United States Attorneys Office on

July 9, 2008 and disputes several factual findings in the Letter Opinion. For the following reasons, Plaintiff's motion for reconsideration is **DENIED**.

## BACKGROUND

Since the facts of this litigation are well-known to the parties, the Court makes only a cursory outline of the factual and procedural history of this case.

Plaintiff filed for disability insurance benefits ("DIB") on November 15, 2002 and child's insurance benefits ("CIB") on February 27, 2003. These claims were denied initially and upon reconsideration. (R. 40-43, 413, 416-18.) An administrative hearing was held before Administrative Law Judge ("ALJ") Christopher P. Lee on February 22, 2005, who issued a decision finding that Monticelli was not disabled. (R. 13-21.) The Appeals Council affirmed the ALJ's decision on October 12, 2006.

The ALJ engaged in a detailed analysis that addressed the five-step sequential process found in 20 C.F.R. § 404.1520(a)(4)(i)-(v). The ALJ found that Plaintiff had a severe blood clotting disorder, which did not satisfy the requirements of an impairment listed at 20 C.F.R. Part 404, Subpart P, Appendix I (Listings). (R. 17-18.) Additionally, the ALJ determined that despite Plaintiff's impairment, she retained the residual functional capacity ("RFC") to perform work which would not require lifting heavy objects or exposure to activities which could result in bruising or cutting. (R. 19.) Based upon this RFC, the ALJ concluded that Plaintiff could return to her past work as a fast food restaurant cashier. (R. 19-20.) He also concluded that Plaintiff was not disabled prior to the expiration of her disability insured status, on June 30, 1999, or the attainment of age twenty-two, on November 18, 1999, in accordance with 20 C.F.R. § 404.1520(f).

On December 2, 2008, the Court denied Plaintiff's request to reverse the Commissioner's decision. Plaintiff filed the present motion on December 12, 2008.

## DISCUSSION

Under Local Civil Rule 7.1(i), a motion for reconsideration may be granted only if (1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or fact to prevent manifest injustice. *Database Am., Inc. v. Bellsouth Adver. & Pub. Corp.*, 825 F. Supp. 1216, 1220 (D.N.J. 1993). Such a motion "may not be used to relitigate old matters, nor to raise arguments or present evidence that could have been raised prior to the entry of judgment." *P. Schoenfeld Asset Management LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001).

In order to receive CIB, an individual's impairment must rise to the level of a disability prior to the individual's twenty-second birthday. *Walter v. Halter*, 243 F.3d 703, 705 (3d Cir. 2001). Similarly, a claimant is not entitled to DIB based on evidence of an impairment which reached disabling severity after the date last insured, or which was exacerbated after this date, even though the impairment itself may have existed before plaintiff's insured status expired. *Manzo v. Sullivan*, 784 F. Supp. 1152, 1156 (D.N.J. 1991). To qualify for benefits, Plaintiff needs to prove that she was disabled prior to June 30, 1998, date last insured, for DIB purposes, and before November 18, 1999, her twenty-second birthday, for CIB purposes.

For a court to remand based on "new evidence," the evidence must first be "new" and not merely cumulative of what is already on the record. *Szudback v. Sec. of Health and Human Servs.*, 745 F.2d 831, 833 (3d Cir. 1984). Second, the evidence must be "material," meaning relevant and probative. *Id.* In addition, there must be a reasonable possibility that the new evidence would have changed the outcome of the Commissioner's decision. *Id.*

As stated in Plaintiff's moving papers, the additional medical records indicate that Plaintiff suffered from a pulmonary embolus in March 1997 as a result of the genetic disorder Factor V Leiden. The fact that Plaintiff suffered from a pulmonary embolus lends further support to the ALJ's conclusion that Plaintiff has suffered from a severe impairment since age 16. (R. 17.)

This evidence, however, does not undermine the ALJ's finding that Plaintiff retained sufficient RFC to work at her past job as a restaurant cashier. (R. 19-20.) The ALJ reached this conclusion, because "prior to the expiration of her disability insured status or to the attainment of age 22, the claimant's ability to sit, stand and walk was basically unrestricted." (R. 19.) Even though Plaintiff suffered from a pulmonary embolus in March 1997, a later CT scan of Plaintiff's chest on August 31, 1999 revealed "no evidence of pulmonary embolus." (R. 209.) Moreover, medical records after 1999 repeatedly state that Plaintiff was "doing well." (R. 166-84.)

The remaining additional records fail to contradict the ALJ's determination that Plaintiff retained the RFC to work as a fast food restaurant cashier. These records either buttress the ALJ's conclusion that Plaintiff suffered from a severe impairment or support the ALJ's conclusions about Plaintiff's health after the relevant date of last insured and twenty-second birthday. As such, the additional records are cumulative and would not have impacted the ALJ's decision, making remand unwarranted at this time.

With regards to the factual errors cited by Plaintiff, the Letter Opinion erroneously stated that Plaintiff's last date of employment was 2002. Her last date of employment was

3

in 2000, as stated elsewhere in the December 2, 2008 Letter Opinion. (R 444.) This error, however, does not impact the relevant dates or the outcome of the decision.

     Plaintiff thus fails: (1) to show that an intervening change in law has occurred; (2) to provide any new evidence not previously available; or (3) to present convincing evidence that there was a clear error or law or manifest injustice.

## CONCLUSION

     For the foregoing reasons, the Plaintiff's motion for reconsideration is **DENIED**. An appropriate Order accompanies this Letter Opinion.

                                      s/William J. Martini
                                      **William J. Martini, U.S.D.J.**